FILED by [signature] D.C.
MAR - 6 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| A'GACI, L.L.C.,<br>PLAINTIFF, | §<br>§<br>§ | |
| VS. | § | CASE NO.: 09-20583 |
| FOREVER 21 RETAIL, INC.;<br>AND WESTLAND MALL, L.L.C.,<br>DEFENDANTS. | §<br>§<br>§<br>§ | CIV-KING MAGISTRATE BANDSTRA |

**PLAINTIFF'S ORIGINAL COMPLAINT AND**
**REQUEST FOR DECLARATORY JUDGMENT**

NOW COMES A'GACI, L.L.C., Plaintiff in the above-entitled and numbered cause, and files this its Original Complaint and Request for Declaratory Judgment against Defendants, FOREVER 21 RETAIL, INC. ("Forever 21") and WESTLAND MALL, L.L.C., and would respectfully show as follows:

**PARTIES**

1. Plaintiff, A'GACI, L.L.C. ("A'Gaci"), is a limited liability company with its principal place of business in San Antonio, Texas. A'Gaci has two members, one of which is a citizen of the State of California, and the other is a citizen of the State of Texas.

2. Defendant, FOREVER 21 RETAIL, INC., is a corporation duly organized and existing under the laws of the State of California.

3. Defendant, WESTLAND MALL, L.L.C. ("Mall"), is a limited liability company organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1337(a) because it arises under Acts of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

5.      There is an actual controversy between A'Gaci and Forever 21 concerning the agreement between A'Gaci and Mall for the lease of commercial space at Westland Mall (the "Agreement") located in the City of Hialeah, Miami-Dade County, Florida.  Pursuant to 28 U.S.C. § 2201(a), A'Gaci seeks a declaratory judgment that the Agreement -- including its 'Exclusive Use' provision -- violates neither the Sherman Antitrust Act, 15 U.S.C. §1, *et seq*., or Chapter 542, Florida Statutes.

6.      Venue is proper in the Southern District of Florida pursuant to 15 U.S.C. §§ 15 and 22, and 28 U.S.C. § 1391(b) and (c) as Forever 21 and the Mall transact business in this district, because Forever 21's contacts in this district are sufficient to subject it to personal jurisdiction, and because the agreement at issue in this matter was entered into, and is operative in, this district.

## FACTUAL BACKGROUND

7.      A'Gaci conducts business in the value-priced junior fashion apparel business as a clothing retailer; its combined annual sales are approximately $60 million.  Forever 21 conducts business in the value-priced retail junior fashion market as a clothing retailer; its annual revenues exceed $1 billion.

8.      Upon information and belief, in recent years Forever 21 has rapidly expanded through the acquisition of other mall-based stores operating as retailers in the value priced junior fashion apparel market.  Such acquisitions include, but are not limited to, 'Gadzooks' stores, which nearly

doubled Forever 21's store base, and the purchase of forty-four (44) 'Rampage' stores from Charlotte Russe Holdings, Inc. It is through these acquisitions that Forever 21 attempts to force competition out of the market.

9.      Further, upon information and belief, Forever 21 has been named as a defendant in at least seventeen (17) federal lawsuits involving claims of copyright infringement for allegedly illegally copying other designers' designs and selling them at a discount. Prior plaintiffs have included Bebe Stores Inc., Diane Von Furstenberg, Anna Sui, Anthropologie, and Gwen Stefani's Harajuku Lovers brand. Upon information and belief, these copyright infringement allegations claim Forever 21 steals other designers clothing designs and uses the stolen designs to undercut the value-priced retail junior fashion market, thereby generating additional revenues for Forever 21.

10.     Forever 21's third anti-competitive tactic involves threatening and instituting frivolous lawsuits against its competitors. These lawsuits allege Forever 21's competitors are engaging in illegal restraints on trade. To this end, Forever 21 has sued A'Gaci in the Southern District of Florida, Case Number 08-21539-CIV-LENARD/GARBER, alleging that an 'Exclusive Use' provision in the lease agreement between A'Gaci and the Mall (the "Agreement") tortiously interfered with certain of Forever 21's "advantageous business relations," and further violated the Florida Antitrust Act (the "Florida Lawsuit").[1]

11.     Forever 21's lawsuit is meritless, brought solely to harass A'Gaci in an attempt to gain a competitive advantage over A'Gaci. Initially, Forever 21 claimed its exclusion from one (1) mall in Florida affected the price and/or supply of goods across all of Florida. Forever 21 took this

---

[1] An accurate copy of the original complaint filed by Forever 21 in Case No. 08-21539-CIV-LENARD/GARBER is attached hereto as Exhibit "A."

position despite the fact it operates twenty-nine (29) stores in Florida compared to A'Gaci's two (2) stores in Florida. Accordingly, A'Gaci filed a motion to dismiss Forever 21's claims under Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. The Court agreed that Forever 21 failed to adequately state claims for relief under Florida law, dismissing the complaint with leave to amend two (2) counts.[2]

12.    Forever 21 amended its complaint to allege the 'Exclusive Use' provision harmed competition in the City of Hialeah and/or Miami-Dade County, Florida. Again, this assertion is without merit as Forever 21 operates a store less than eight (8) miles away from the Westland Mall and a total of six (6) stores in Miami-Dade County, Florida. Further, Forever 21 again failed to properly allege an relevant geographical market as required by Florida law, instead alleging two separate and distinct geographic markets. A'Gaci subsequently moved to dismiss Forever 21's Amended Complaint for lack of subject matter jurisdiction and for failure to state a cause of action upon which relief can be granted.

13.    Forever 21 responded to A'Gaci's Second Motion to Dismiss by generally denying the allegations of the Second Motion to Dismiss and simultaneously moving for leave to file its Second Amended Complaint.[3] Forever 21's Motion for Leave to Amend alleges that, in its haste to file the Amended Complaint, Forever 21 had named an improper defendant, sought to exchange the improper defendant for what Forever 21 alleges is a proper defendant, sought to convert said defendant into a plaintiff, and once again changed the geographical market that was allegedly

---

[2] An accurate copy of the Order dismissing Forever 21's claims against A'Gaci without prejudice is attached to this Complaint as Exhibit "B."

[3] An accurate copy of Forever 21's Motion for Leave to File the Second Amended Complaint is attached to this Complaint as Exhibit "C."

impacted by A'Gaci's allegedly improper actions.[4]  The Motion for Leave to Amend is still pending before this Court.

14.     Throughout the Florida Lawsuit, as well as the lawsuits filed in Texas state courts, Forever 21 had attempted to use the discovery process as a tool to discover A'Gaci's confidential and proprietary corporate information to gain a competitive advantage.  Further, Forever 21's actions have been baseless, intended solely to harass, and constitute a mere sham to cover its attempts to interfere with A'Gaci's business activities and to gain access to A'Gaci's confidential and proprietary corporate information.

15.     Further, A'Gaci, in good faith, believes Forever 21 may be preparing to file, or is in the process of filing, yet another lawsuit against A'Gaci in yet another court.

## COUNT I - REQUEST FOR DECLARATORY JUDGMENT

16.     A'Gaci incorporates paragraphs 1 through 15 as if fully set forth herein.

17.     The present action involves the Agreement between A'Gaci and the Mall.  To avoid further attempts by Forever 21 to have provisions of the Agreement declared illegal, A'Gaci seeks a declaratory judgment that the 'Exclusive Use' provision in the Agreement does not violate the Sherman Act, 15 U.S.C. § 1 *et seq.* or Florida's antitrust statute, Chapter 542, Florida Statutes.

18.     On January 26, 2007, Twigland Fashions, Ltd. ("Twigland") entered into the Agreement with Westland Mills, L.L.C. ("Westland Mills") to lease space in the Westland Mall in Hialeah, Florida.[5]  Westland Mills subsequently sold the Westland Mall to Mall.  Therefore, Mall

---

[4]The Second Amended Complaint seeks to change the relevant geographic market to "adjacent incorporated and unincorporated areas of Miami-Dade County." This allegation again fails to adequately state a relevant geographic market.

[5]Twigland is A'Gaci's predecessor-in-interest under the Agreement.

is Westland Mills' successor-in-interest under the Agreement.   While Mall is identified as a defendant in this matter, A'Gaci seeks no damages against Mall.  Mall is named as a defendant to this action as they are a necessary party to any judgment entered by this Court concerning the Agreement.

19.     The Agreement contains an 'Exclusive Use' provision, which provides that, in the event the Mall leases to Forever 21 during the first five (5) years of the Agreement, and A'Gaci's sales do not exceed a specified amount for the 12-month period following the opening of a Forever 21 store in Westland Mall, A'Gaci will be entitled to a rent reduction.[6]

20.     The Agreement, including its 'Exclusive Use' provision, does not violate the Sherman Act, 15 U.S.C. §1 *et seq.* or the Clayton Act, 28 U.S.C. §§ 12-27, 29 and 29 U.S.C. §§ 52, 53 (collectively the "Acts").  The Agreement is not a contract in restraint of trade—unreasonable or otherwise—in violation of the Acts.

21.     Nor does the 'Exclusive Use' provision harm competition in any market.  Therefore, the 'Exclusive Use' provision is not a violation of the Florida Antitrust Act, Chapter 542, Florida Statutes.

22.     Accordingly, under 28 U.S.C. § 2201(a), A'Gaci seeks, and is entitled to, a declaratory judgment that the Agreement does not violate the Sherman Act, 15 U.S.C. § 1 *et seq.* or Florida's Antitrust Act, Chapter 542, Florida Statutes, and is in all other respects lawful and enforceable.

---

[6]An accurate copy of the Agreement is attached to this Complaint as Exhibit "D."  A'Gaci's financial and other confidential and proprietary information have been redacted from Exhibit D.  The 'Exclusive Use' provision may be found on page RF-1, at Article 1(b).

WHEREFORE, A'Gaci requests this Court enter a declaratory judgment in its favor and against Defendant, Forever 21, declaring that the Exclusive Use provision of the Agreement does not violate the Sherman Act, the Clayton Act, or the Florida Antitrust Act, award A'Gaci its reasonable and necessary attorneys' fees, and for such other and further relief as this Court deems appropriate.

## COUNT II - SHERMAN ACT AND CLAYTON ACT VIOLATIONS

23.    A'Gaci incorporates paragraphs 1 through 22 as if fully set forth herein.

24.    Forever 21 threatens and institutes frivolous lawsuits against its competitors—including A'Gaci—with meritless allegations of illegal restraints on trade in an effort to drive A'Gaci from the marketplace. Forever 21 brings these suits merely to harass its competitors, manipulate the judicial system in an attempt to gain a competitive advantage, and strengthen its monopolistic stranglehold on the value-priced junior fashion apparel market.

25.    Upon information and belief, Forever 21's share of the market exceeds fifty percent (50%) of the value-priced junior apparel market in the United States. Forever 21 has assumed a monopolistic position in the market and, in an attempt to further monopolize the market, has instituted litigation against A'Gaci—in both the United States District Court for the Southern District of Florida and in Texas state court[7]—when it knew or should have known that its alleged antitrust actions against A'Gaci were without merit.

---

[7] An accurate copy of the original petition filed by Forever 21 in the 261st District Court of Travis County, Texas, is attached to this Complaint as Exhibit "E."

26.     Specifically, Forever 21 filed similar frivolous suits[8] in Texas claiming the lease agreement between A'Gaci and the landlord of Mall del Norte violated the Texas antitrust statute. However, regardless of whether the lease was enforceable, the space sought by Forever 21 is not, nor during the relevant period has it ever been, available as it has been occupied by another tenant. Forever 21 knew the desired space was and is not available.  Yet, Forever 21 pursued, and continues to pursue, an antitrust claim knowing it has not been damaged.  Thus, the sole purpose of such litigation is to harass and impede A'Gaci's ability to compete in the value-priced junior apparel market.

27.     Forever 21 has the financial wherewithal to financially cripple its much smaller competitor, A'Gaci, through long, expensive, and protracted litigation, and to undercut its competitors' prices by attempting to learn its competitors' confidential and proprietary information through the litigation discovery process.  Upon information and belief, Forever 21 intends to use such information to gain a competitive advantage, solidify its monopolistic position, and engage in predatory pricing to drive A'Gaci, and other competitors, out of business.

28.     Forever 21's conduct violates Section 2 of the Sherman Act, 15 U.S.C. § 2.  Forever 21 has monopolized, or has attempted to monopolize, the value-priced junior apparel market.

29.     Forever 21 has the power to control prices and/or exclude competition.  As part of Forever 21's scheme of monopolization, it has sued or has threatened to sue its competitors, including A'Gaci, based on false claims of antitrust violations, as demonstrated by the complaint and petitions filed in the United States District Court for the Southern District of Florida and Texas state

---

[8]Forever 21 initially filed suit in Webb County, Texas challenging the Mall del Norte lease agreement. However, Twigland moved to dismiss Forever 21's claims and objected to Forever 21's discovery requests.  Forever 21 dismissed its claims in Webb County, Texas only to refile similar claims in Travis County, Texas, which are attached as Exhibit E.

court, *see* Exhibits A and D respectively.  These lawsuits were instituted by Forever 21 to achieve the unlawful objective of solidifying Forever 21's monopolistic power.

30.     Additionally, Forever 21 has used this sham litigation as a way of manipulating the discovery process.  In the various suits filed by Forever 21, Forever 21 has sought production of information that is clearly confidential and proprietary to A'Gaci, and wholly unrelated to any issues in the respective cases.[9]  Forever 21 is attempting to manipulate the discovery process to gain access to A'Gaci's confidential and proprietary business information, information which would allow Forever 21 to engage in predatory pricing to drive A'Gaci, and other competitors, out of business. Forever 21 intends to eliminate competitors in the short run, which inevitably reduces competition in the long run and harms consumers.

29.     As a result of Forever 21's antitrust violations, A'Gaci has been injured. Accordingly, A'Gaci seeks treble damages, costs of suit, and reasonable attorney's fees and punitive damages  pursuant to the Clayton Act. *See* 15 U.S.C. §§ 15, 26.

WHEREFORE, A'Gaci requests this Court enter judgment in its favor and against Forever 21 for the following:

a.     treble damages for Forever 21's violation of the Sherman and/or Clayton Acts;

b.     reasonable attorneys' fees;

c.     pre-judgment interest, as authorized by 15 U.S.C. § 15(a).

d.     post-judgment interest;

---

[9]Accurate copies of the first discovery requests propounded upon A'Gaci by Forever 21 in connection with the Texas litigation are included in Exhibit E.  Accurate copies of the remaining discovery requests propounded upon A'Gaci by Forever 21 in connection with the Texas and Florida litigation are collectively attached to this Complaint as Composite Exhibit "F".

    e.     costs of suit;

    f.     Punitive damages; and

    g.     any and all other and further relief the Court deems appropriate.

### ATTORNEYS' FEES

As a result of Forever 21's conduct in filing meritless lawsuits in the United States District Court for the Southern District of Florida, Texas state court, and, upon information and belief, other jurisdictions, A'Gaci retained the undersigned counsel, filed the present action, and seeks reimbursement for its reasonable attorney fees, as authorized by 15 U.S.C. §§ 15, 26.

### JURY DEMAND

A'Gaci hereby demands a trial by jury on all counts and as to all issues.

Dated March 6, 2009.

Respectfully submitted,

COKINOS, BOSIEN & YOUNG

BY: _____
    Stuart H. Sobel
    Florida State Bar No. 262382
    Daniel J. Barsky
    Florida State Bar No. 0025713
    SIEGFRIED, RIVERA, LERNER, DE LA
        TORRE & SOBEL
    201 Alhambra Cir., Ste. 1102
    Coral Gables, FL 33134
    (305) 442-3334

    STEPHANIE O'ROURKE

Bar No. 15310800
10999 IH-10 West, Suite 370
San Antonio, Texas  78230
(210) 699-1900
(210) 699-1902 - Facsimile
*(Moving to Appear Pro Hac Vice)*
TRACY B. GLENN
Bar No. 24000063
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713) 535-5500
Fax:  (713) 535-5533
*(Moving to Appear Pro Hac Vice)*

ATTORNEYS FOR PLAINTIFF, A'GACI, L.L.C.

JS 44 (Rev. 2/08) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

A'Gaci, LLC

**DEFENDANTS**

Forever 21 Retail, Inc.; and Westland Mall, LLC

**(b)** County of Residence of First Listed Plaintiff    Bexar, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Los Angeles, California
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Cokinos, Bosien & Young
Four Houston Center, 1221 Lamar, 16th Floor
Houston, Texas 77010, (713) 535-5500

Attorneys (If Known)

FILED by _____ D.C.

MAR - 6 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

Dade 09cv 20583 - King/Garber-Torres

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☑ YES ☐ NO

JUDGE Lenard     DOCKET NUMBER 08-21539

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

15 U.S.C. s. 1 et seq.; and 28 U.S.C. s. 2201

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 750,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
March 6, 2009

FOR OFFICE USE ONLY
AMOUNT $350.00    RECEIPT # 994528
02/06/09