UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20583-CIV-LENARD/GARBER

A'GACI, LLC.,

    Plaintiff,

v.

FOREVER 21 RETAIL, INC., and
WESTFIELD MALL, LLC.,

    Defendants.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received defendant Forever 21 Retail, Inc's Motion to Dismiss [DE 7] and Westland Mall, LLC's Motion to Dismiss [DE 8]. The Court has also received the concomitant responses and held a hearing on the Motions.

In their papers and at the hearing both parties discussed a parallel proceeding in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 09-33514-CA-40. In the state court action, Forever 21 and Westland Mall are seeking affirmative and declaratory relief, respectively, under the Florida Antitrust Act. A trial date for June, 2010 has been set and discovery is underway in those proceedings.

It is in the Court's discretion to stay a declaratory action in federal court "during the pendency of parallel state court proceedings."[1] Though the state action seeks relief as related to the Florida

---

[1] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995); *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005) (providing nine factors for consideration when deciding whether to abstain from hearing a declaratory judgment action in the face of a parallel state court proceeding).

Antitrust Act, "Federal and Florida antitrust laws are analyzed under the same rules and case law"[2] In determining whether to dismiss a declaratory action in state court when a parallel proceeding is pending in state court, the Eleventh Circuit has provided nine factors for consideration. The Court believes that they are useful in the context of deciding to stay a declaratory proceeding as well. One of the factors that courts can consider is the "state's interest in having the issues raised in the federal declaratory action decided in the state courts."[3] Because the laws are interpreted consistently with each other, the federal action would not serve to clarify any state law issues. Moreover, the state has a greater interest in the outcome of the lawsuit as there are other state law claims at issue in that court. Therefore, the Court finds that it is in the interest of judicial economy to abate the proceedings in this Court pending resolution of the state court action. Accordingly, the Court hereby

ORDERS that the Forever 21 Retail, Inc.'s Motion to Dismiss [DE 7] and Westland Mall, LLC's Motion to Dismiss [DE 8] are DENIED WITHOUT PREJUDICE, and can be considered at a later date if necessary. The Court further ORDERS that proceedings are stayed pending a resolution to the state court action.

DONE AND ORDERED in Chambers at Miami, Florida this 23rd day of November, 2009.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

---

[2] *All Care Nursing Serv., Inc. v. High Tech Staffing Servs., Inc.*, 135 F.3d 740, 745 n.11 (11th Cir. 1998); FLA. STAT. §542.32.

[3] *Ameritas Variable Life Ins. Co.*, 411 F.3d at 1331.